# EXHIBIT A

**Exhibit A**


# CT Corporation

**Service of Process Transmittal**
10/21/2020
CT Log Number 538441387

**TO:**  Samuel Trakhtenbroit
Real Time Resolutions, Inc.
1349 Empire Central Dr Ste 150
Dallas, TX 75247-4029

**RE:**  **Process Served in New York**

**FOR:**  Real Time Resolutions, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeanette Rodriguez, , on behalf of herself and all others similarly situated, Pltf. vs. Real Time Resolutions, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 1583832020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/21/2020 at 12:06 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/22/2020, Expected Purge Date: 10/27/2020 |
| | Image SOP |
| | Email Notification,  Stewart Wayne  stewart.wayne@rtresolutions.com |
| | Email Notification,  Samuel Trakhtenbroit  samuel.trakhtenbroit@rtresolutions.com |
| | Email Notification,  Legal Department  legal@rtresolutions.com |
| | Email Notification,  Steven Crawford  steven.crawford@rtresolutions.com |
| | Email Notification,  Rose Stiggleman  Rose.Stiggleman@rtresolutions.com |
| | Email Notification,  Susan Carton  Susan.Carton@rtresolutions.com |
| | Email Notification,  Brian Green  Brian.Green@rtresolutions.com |
| | Email Notification,  Aaron Dohanich  aaron.dohanich@rtresolutions.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900 |

Page 1 of  2 / VS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
10/21/2020
CT Log Number 538441387

**TO:**     Samuel Trakhtenbroit
Real Time Resolutions, Inc.
1349 Empire Central Dr Ste 150
Dallas, TX 75247-4029

**RE:**     **Process Served in New York**

**FOR:**    Real Time Resolutions, Inc.  (Domestic State: TX)

Dallas, TX 75201

**For Questions:**          866-665-5799
SouthTeam2@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Oct 21, 2020

**Server Name:**             majd hussein

| | |
|---|---|
| Entity Served | REAL TIME RESOLUTIONS, INC. |
| Agent Name | |
| Case Number | 158383/2020 |
| Jurisdiction | NY |



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-----------------------------------------------------------------x

JEANETTE RODRIGUES

              Plaintiff/Petitioner,

     - against -                     Index No.  158383/2020

REAL TIME RESOLUTIONS, INC., et al.  dob #28638

                    Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact·the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov). ·

Dated:    October 16, 2020

| | |
|---|---|
| Alla Gulchina | 150 Morris Avenue, 2nd Floor |
| Name | Address |
| Stern Thomasson LLP | Springfield, NJ 07081 |
| Firm Name | |
| | 973-379-7500 |
| | Phone |
| | Alla@sternthomasson.com |
| | E-Mail |

To:    Real Time Resolutions, LLC
c/o its registered agent, CT Corporation Systems
28 Liberty Street
New York, NY 10005

2/24/20

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------------X

JEANETTE RODRIGUEZ, on behalf
of herself and all others similarly situated,

                                                    Index No.:

                    Plaintiff,                      **SUMMONS**

        v.

REAL TIME RESOLUTIONS, INC. and                     Plaintiff designates
JOHN AND JANE DOES 1-10,                            NEW YORK COUNTY
                                                    as the place of trial

                    Defendants.
                                                    The basis of the venue is
-------------------------------------------------------------------X   Plaintiff's residence

To the above-named Defendant:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Page **1** of **14**

Dated: October 8, 2020

<u>s/Alla Gulchina</u>
Alla Gulchina

Alla Gulchina
Francis R. Greene
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Alla@ SternThomasson.com

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff, Jeanette Rodriguez*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------------X

JEANETTE RODRIGUEZ, on behalf
of herself and all others similarly situated,

                                 Plaintiff,                    Index No.:

                              v.                            **COMPLAINT-**
REAL TIME RESOLUTIONS, INC.,                               **CLASS ACTION AND**
and JOHN AND JANE DOES 1-10,                               **DEMAND FOR JURY**
                                                          **TRIAL**

                             Defendants.

------------------------------------------------------------------------X

This action is brought by Plaintiff, JEANETTE RODRIGUEZ, ("RODRIGUEZ"),

against Defendants, REAL TIME RESOLUTIONS, INC., ("RTR") and JOHN AND JANE

DOES 1-10 ("DOES"), based on the following:

## I.      PRELIMINARY STATEMENT

1.     Plaintiff brings this action individually and on behalf of all others similarly

situated for the illegal practices of Defendants, when attempting to collect an alleged debt from

him, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2.     Such practices include attempting to collect consumer debts by engaging in

conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3.     The FDCPA regulates the behavior of "debt collectors" (including collection

agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt.

Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4.      The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.      When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a

list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8.    When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9.    When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10.    Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.    PARTIES

11.    RODRIGUEZ is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the City of New York, New York County, New York.

12.    RTR is a for-profit corporation formed under the laws of the State of Texas.

13.    RTR is a Texas Domestic Business Corporation and a New York Foreign Business Corporation.

14.    RTR's principal place of business is located at 1750 Regal Road, Suite 120, Dallas, Texas 75235-2287.

Page **5** of **14**

15.     RTR's registered agent in New York is CT Corporation System, 28 Liberty Street, New York, New York, 10005.

16.     DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

### III.     JURISDICTION & VENUE

17.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

18.     The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and CPLR 302(a)(1) because Defendant transacts business within the state.

19.     Venue is appropriate in New York County pursuant to CPLR 503 and 509 because Plaintiff resides in New York County.

### IV.     FACTS RELATING TO DEFENDANTS

20.     RTR regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

21.     RTR is a business, the principal purpose of which is the collection of defaulted consumer debts.

22.     In attempting to collect debts, RTR uses instruments of interstate commerce such as the mails, telephone, and the internet.

23.     On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of RTR that are the subject of this Complaint. DOES personally control,

and are engaged in, the illegal acts, policies, and practices utilized by RTR and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## V.    FACTS RELATING TO PLAINTIFF

24.    RTR mailed, or caused to be mailed, a letter dated October 8, 2019 (the "10/8/19 Letter") to RODRIGUEZ.

25.    A true and correct copy of the 10/8/19 Letter is attached as *Exhibit A*, except that portions of the Letter are redacted.

26.    On information and belief, the 10/8/19 Letter was mailed on or after the Letter's date.

27.    The 10/8/19 Letter concerned an outstanding debt currently owed to T.D. Bank USA, N.A., account ending in 6886 (the "Debt").

28.    The Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

29.    The 10/8/19 Letter identified the current creditor as T.D. Bank USA, N.A..

30.    The Debt was placed with RTR for purposes of collection.

31.    The 10/8/19 Letter contended that RODRIGUEZ owed the Debt.

32.    The first page of the 10/8/19 Letter contended that the balance of the Debt was $742.57.

33.    The first page of the 10/8/19 Letter further states "[a]s of 10/08/2019 your payoff balance owed is $742.57."

34.    The third page of the 10/8/19 Letter provides the following breakdown of fees:

| | |
|---|---|
| Total Due at Charge-Off: | **752.97** |
| Total Interest Since Charge-Off: | 0.00 |

Page **7** of **14**

> Total Non-Interest Charges or Fees Since Charge-Off: 0.00
> Total Payments Made Since Charge-Off: 0.00
>
> As of today, we show your total loan balance as **$742.57.** (emphasis added)

35. Upon receivng and reading the 10/8/19 Letter, RODRIGUEZ was uncertain to the actual amount collected by RTR since the Letter provided two separate amounts.

36. Given the two different amounts on the dunning letter, the least sophisticated consumer is likely to be misled as to this material term regarding the amount owed.

37. The second page of the 10/8/19 Letter offers RODRIGUEZ "DEBT RESOLUTION OPTIONS:

| | |
|---|---|
| One Time Payment: | $259.90 Payoff Date: 11/29/2019 |
| Three Monthly Installments: | 3 Successive Monthly Payments of $99.01 totaling $297.03 Payoff Date: 1/31/2020 |
| Twelve Monthly Installments: | 12 Successive Monthly Payments of $27.85 totaling $334.16 Payoff Date: 10/31/2020" |

38. The second page of the 10/8/19 Letter further states: "Please note this offer expires 11/29/2019 and RTR is not obligated to renew this offer."

39. The statement "[p]lease not this offer expires on 11/29/2019…" is materially deceptive and misleading because it refers to one offer when there were multiple offers provided.

40. The settlement options for Three and Twelve Monthly Installments are materially false and deceptive because if RODRIGUEZ chooses to make a payment by 11/29/2019, the date indicated the offer expires, the Payoff Date is incorrect and would be later than indicated on the letter.

41. The statement, "…RTR is not obligated to renew this offer" is materially false, deceptive and misleading because RTR is *always* obligated by the creditor to renew the offers stated in the 10/8/2019 Letter.

Page **8** of 14

42.    RTR's false and misleading statements that "RTR is not obligated to renew this offer" was materially false, deceptive, and misleading, because they influence the least sophisticated consumer's decision to accept one of the offers out of fear that they might not be renewed.

43.    Furthermore, the statement "RTR is not obligated to renew this offer" is misleading because the statement refers to one offer, however, there are multiple offers presented to RODRIGUEZ, thereby furthering creating a sense of urgency for the least sophisticated consumer to settle the debt.

## VI.    CLASS ALLEGATIONS

44.    The Letters are form letters. Specifically, the Letters were created by merging electronically-stored information specific to the Debts (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

45.    RTR's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiffs, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

46.    ***Class Definition.*** The Class is defined as:

> All natural persons to whom Real Time Resolutions, Inc.,
> mailed a written communication offering multiple
> settlement options in the form of ***Exhibit A*** to a New York
> address during the Class Period beginning on October 8,
> 2019 and ending on October 31, 2020.

47.    Class members' identities are readily ascertainable from RTR's business records and the business records of those entities on whose behalf RTR collects debts.

Page **9** of **14**

48. ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from TRTRSI having sent a written communication in the same form as ***Exhibit A***.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community interest in the litigation:

(a) ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by Defendant with respect to each Class member.

(c) ***Typicality.*** The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

(d) ***Adequacy.*** Plaintiff swill fairly and adequately protect the interests of the Class members insofar as they have no interests that are adverse to those of the Class members. Moreover, Plaintiffs are committed to vigorously litigating this matter and have retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

Page **10** of 14

50.   Certification of a class under NY CLS CPLR § 901 is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51.   Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiffs may seek class certification: (a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

### VII.   CAUSE OF ACTION FOR VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

52.   The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

53.   RTR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

54.   DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

55.   The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

56.   RODRIGUEZ is a "consumer" as defined by 15 U.S.C. § 1692a(3).

57.   *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

58.   The use and mailing of *Exhibit A* by RTR violated the FDCPA in one or more following ways:

      (1)   Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

      (2)   Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

Page **11** of **14**

(3)    Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(4)    Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10); and

(5)    Using unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## VIII.  PRAYER FOR RELIEF

59.    WHEREFORE, Plaintiff demands judgment against RTR. Specifically, Plaintiff requests entry of an Order:

(1)    Certifying this action may be maintained as a class action pursuant to NY CLS CPLR § 901 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

(2)    Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

(3)    Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(4)    Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or Class, a sum sufficient to ameliorate such consequences; and

(5)    Providing for such other and further relief as may be just and proper.

Page **12** of 14

## IX.   JURY DEMAND

60.   Trial by jury is demanded on all issues so triable.

)

Dated: October 8, 2020

_s/Alla Gulchina_
Alla Gulchina

Alla Gulchina
Francis R. Greene
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Alla@ SternThomasson.com

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

_Attorneys for Plaintiff, Jeanette Rodriguez_

To:
Real Time Resolutions, Inc.
CT Corporation System, 28 Liberty Street, New York, New York, 10005.

Page **13** of **14**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

JEANETTE RODRIGUEZ on behalf
of herself and all others similarly situated,

                                               Index No.:

                 Plaintiff,

        v.

REAL TIME RESOLUTIONS, INC. and JOHN AND JANE
DOES 1-10,

                 Defendants.

-----------------------------------------------------------------------X

SUMMONS AND COMPLAINT

---

Stern Thomasson, LLP
Law Office of Simon Goldenberg PLLC

Attorney(s) for

JEANETTE RODRIGUEZ
Plaintiff

818 East 16th Street
Brooklyn, NY 11230
(347) 640- 4357

Case 1:20-cv-09803-LJL Document 1-1 Filed 11/20/20

# EXHIBIT A



REAL TIME RESOLUTIONS.

**LET'S RESOLVE YOUR DEBT!**

Now you have 3 ways to resolve for much less than you owe.

10/08/2019

| | |
|---|---|
| **Current Creditor:** | **TD Bank USA, N.A.** |
| **Account# ending in:** | 6886 |
| **RTR File Number:** | L000795787 |
| **Balance:** | $742.57 |

Dear JEANETTE RODRIGUEZ:

We are offering to reduce the balance of your TD Bank USA, N.A. account so it's easier for you to pay this off once and for all! As of 10/08/2019 your payoff balance owed is $742.57. We have outlined an array of options that may be able to help assist you on the next page.

**In order to qualify for this reduction, choose the repayment plan that is right for you and take control of your financial situation once again.**

SEE THE NEXT PAGE FOR YOUR RESOLUTION OPTIONS!

Real Time Resolutions, Inc. is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged and is provided for informational purposes only.

1349 Empire Central Drive Suite 150 Dallas, TX 75247
Toll Free Customer Service 800-419-0407
Hours of Operation: Mon - Fri 8:30am - 5:30pm Central - www.RealTimeResolutions.com

REAL TIME RESOLUTIONS.

Dept. 107565
PO Box 1259
Oaks, PA 19456
Return Mail Only - No Correspondence

107714 - 22085

JEANETTE RODRIGUEZ
[redacted]
NEW YORK NY 10040-2849

**REAL TIME**
**RESOLUTIONS.**

10/08/2019

**YOUR DEBT RESOLUTION OPTIONS:**

**One Time Payment**

**$259.90**
*Payoff Date: 11/29/2019*

**Three Monthly Installments**

3 Successive Monthly Payments of
**$99.01** totaling **$297.03**
*Payoff Date: 01/31/2020*

**Twelve Monthly Installments**

12 Successive Monthly Payments of
**$27.85** totaling **$334.16**
*Payoff Date: 10/31/2020*

**NON-RESOLUTION OPTION:**

If you choose to enter into this arrangement, please note that it is only temporary. Once this plan expires you will need to make new arrangements. Please send these payments to Real Time Resolutions, Inc., P.O. Box 567749, Dallas, TX 75356-7749.

**Six Month Payment Plan**

*Non-Resolution Option:*
6 Temporary Monthly Payments of
$50.00

**Call us today at 800-419-0407 and tell us which payment option you choose. We will then provide you with the necessary resolution documents. Please note this offer expires 11/29/2019 and RTR is not obligated to renew this offer.**

RTR is not obligated to renew this offer. If any payments are not received on or before their respective due dates, RTR reserves the right to apply any previous payments to your loan balance without resolving the account. Please note that entering into this agreement may or may not result in tax consequences to you. If you are uncertain of the legal or tax consequences, we encourage you to consult a lawyer and/or tax advisor.

**Call us at 800-419-0407, and take advantage of this great opportunity!**

1349 Empire Central Drive Suite 150 Dallas, TX 75247
Toll Free Customer Service 800-419-0407
Hours of Operation: Mon - Fri 8:30am - 5:30pm Central - www.RealTimeResolutions.com

2 of 2                                    Page 2 of 2                                    107714-00307-44130

**THE FOLLOWING NOTICES APPLY TO THE RESIDENTS OF THE FOLLOWING STATES, AS NOTED. THIS LIST IS NOT A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW.**

**NEW YORK RESIDENTS:**
- New York City Department of Consumer Affairs License Number: 1077970.
- Original Creditor: Nordstrom fsb
- Total Due at Charge-Off: 752.97
- Total Interest Since Charge-Off: 0.00
- Total Non-Interest Charges or Fees Since Charge-Off: 0.00
- Total Payments Made Since Charge-Off: 0.00

As of today, we show your total loan balance as $742.57. Any questions regarding this loan may be directed to Charles Rich by calling 800-419-0407.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony), or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

**ALL U.S. RESIDENTS:**
If you would like mortgage counseling or assistance, you can find a list of counselors in your area by calling the U.S. Department of Housing and Urban Development at 1-800-569-4287 or visiting their website at www.hud.gov.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

- **This Account's Current Creditor is TD Bank USA, N.A.**
- **This Account's Original Creditor is Nordstrom fsb**